[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14418
Non-Argument Calendar
_____

Agency No. A208-162-401


TAULANT MANELLI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 27, 2017)

Before MARCUS, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Taulant Manelli, an Albanian national, petitions for review of the Board of Immigration Appeals' order adopting and affirming the immigration judge's denial of his application for asylum. Mr. Manelli argues that the BIA and immigration judge improperly concluded that he failed to show that his membership in a particular social group—consisting of members of his family—was one central reason for any past or future persecution. Upon review of the record and consideration of the parties' briefs, we deny the petition.[1]

## I

In support of his asylum application, Mr. Manelli stated that his family was prominent in Albania and that members of his family were threatened by who he believed to be associates of an Albanian mafia. Specifically, in early 2015, Mr. Manelli's father was approached by two or three men who assaulted him and told him if he did not pay them a large sum of money, they would kill Mr. Manelli. Later that day, Mr. Manelli fled Albania.

Following Mr. Manelli's arrival in the United States, the unidentified individuals continued to pursue his family. During a recent attack, the individuals severed his father's left hand. Mr. Manelli alleges that the individuals had not been

---

[1] The petition also indicates that Mr. Manelli petitions for review of the BIA's denial of his applications for withholding of removal and protection under the Convention Against Torture. Because he failed to raise any argument concerning these claims, however, he has abandoned those issues. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

apprehended or punished and, due to pervasive corruption, the Albanian government would be unwilling and unable to protect him. He contends that he was targeted because of his relationship to his father, and if not for that relationship, he could safely return to Albania.

## II

We review the BIA's decision as the final judgment unless the BIA expressly adopts the immigration judge's decision, in which case we will review the decisions of both the BIA and the immigration judge. *See Kazemzadeh v. U.S. Atty. Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). Factual determinations are reviewed under the highly deferential substantial evidence test, which requires us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). "We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks and citation omitted). To reverse factual findings, "we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Atty. Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

## III

"An alien who arrives in or is present in the United States may apply for asylum, which the Attorney General has discretion to grant if the alien meets the

3

[Immigration and Naturalization Act's] definition of a 'refugee.'" *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). Under the INA, a "refugee" is a person outside his country of nationality who is "unable or unwilling to return to . . . that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for asylum, the applicant must establish either "(1) past persecution on account of . . . [one of these] protected ground[s], or (2) a 'well-founded fear' that [his] . . . protected ground will cause future persecution." *Sepulveda*, 401 F.3d at 1230–31. Further, the applicant must demonstrate that one of the statutorily protected grounds "was or will be at least one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i).

Although Mr. Manelli presented evidence which could have supported a finding of persecution, substantial evidence supports the BIA's and immigration judge's determination that Mr. Manelli failed to show that his membership in a particular social group was or would be one central reason for any past or future persecution. Mr. Manelli testified that the attackers' intention was "only money," and his cousin corroborated this assertion when he testified that the individuals targeted the Manelli family due to its wealth. The record does not compel a finding that the mafia had any animus toward the Manelli family itself. Rather, Mr.

4

Manelli testified that if he did not leave, his family would have had to sell all their properties to pay the attackers off. This statement permitted the immigration judge and the BIA to conclude that the threats and attacks were about financial gain, and if the attackers received the money, they would no longer seek to harm Mr. Manelli or his family. *Cf. Sanchez Jimenez v. U.S. Atty. Gen.*, 492 F.3d 1223, 1233–34 (11th Cir. 2007) (holding that petitioner demonstrated that his persecution was motivated at least in part by a protected ground because, although the FARC did demand financial support from him, it also targeted him because of his political activities).

The evidence permits a finding that Mr. Manelli was the victim of criminal activity, not that he was or will be persecuted on account of his relationship to his father or his family. *See Ruiz v. U.S. Atty. Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) ("[E]vidence that either is consistent with acts of private violence . . . , or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."). The record does not compel the conclusion that Mr. Manelli's membership in a particular social group was or will be at least one central reason for any past or future persecution and, as such, the BIA and immigration judge properly determined that Mr. Manelli failed to show that he was eligible for asylum.

## IV

For the reasons stated above, we deny Mr. Manelli's petition.

**PETITION DENIED.**[2]

---

[2] We thank Mr. Osorio for his pro bono representation of Mr. Manelli.